IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DeSANTO ROLLINS                                                    PLAINTIFF

VS.                                         CIVIL ACTION NO.  3:23-CV-356-MPM-RP

LANE KIFFIN, in his individual capacity and in
his official capacity as the Head Football Coach
for the University of Mississippi; UNIVERSITY
OF MISSISSIPPI; and JOHN DOES 1-10                                 DEFENDANTS

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO  SUPPLEMENT
THE RECORD WITH RELEVANT TEXT AND E-MAIL MESSAGES ON THE
ISSUES OF WHETHER LANE KIFFIN KICKED HIM OFF THE FOOTBALL
TEAM AND THE UNIVERSITY PREVENTED HIM FROM PARTICIPATING
IN TEAM ACTIVITIES, MEALS, SENIOR DAY, AND OTHER EVENTS**

Lane Kiffin ("Kiffin"), in his individual and official capacities, and the University of

Mississippi (the "university") filed their motion to dismiss, pursuant to Federal Rules of Civil

Procedure 12(b)(1) and (6), on November 8, 2023. [Dkt. # 14].  They filed a brief in support of their

motion the same day. [Dkt. # 15].  When their motion to dismiss and supporting brief were filed, the

only pleadings filed in the case was DeSanto Rollins' ("Rollins'") complaint. [Dkt. # 1]. Federal

Rule of Civil Procedure 7(a) designates which court filings constitute a pleading.  *Burns v. Lawther*,

53 F.3d 1237 (11th Cir. 1995). A complaint is a pleading. Fed. R. Civ. P. 7(a).  Therefore, the only

pleading on file when Kiffin and the university filed their motion to dismiss was the complaint.

In their brief in support of their motion to dismiss, Kiffin and the university requested the

Court to consider the roster of football players listed on the university's website,

1

https://olemisssports.com/sports/football/roster/desanto-rollins/4527, as evidence that Kiffin did not kick Rollins off the football team. In other words, they requested the Court to consider matters outside the pleadings when ruling on their motion to dismiss.

The issue of jurisdiction under Fed. R. Civ. P. 12(b)(1) is intertwined with the merits of Rollins' case, and "when the issue of jurisdiction is intertwined with the merits, district courts should 'deal with the objection as a direct attack on the merits of the plaintiff's case under either Rule 12(b)(6) or Rule 56.'" *M. D. C. G. v. United States*, 956 F.3d 762, 768-769 (5th Cir. 2020) (quoting *Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004)). When matters outside the pleadings are considered by the court, a Rule 12(b)(6) motion is converted to a Rule 56 motion for summary judgment. *Kirksey v. American Bankers Ins. Co.*, 114 F. Supp.2d 526 (S. D. Miss. 2000). Since Kiffin and the university requested the Court to consider the university's website on their motion to dismiss, their motion was converted to a Rule 56 motion for summary judgment.

Rollins, in response to their motion, submitted his declaration reiterating that Kiffin told him he was off the team, and he (Rollins) has not been invited to participate in team activities and other events - including Senior Day activities.. In rebuttal, Kiffin and the university offered limited text messages, e-mails, and correspondence essentially arguing that Rollins made the decision not to participate in team activities, and he was not kicked off the team. This was procedurally unusual. "Of course, a party seeking summary judgment always bears the responsibility of informing the district court the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotext Corp. v. Catrett*, 477 U. S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). Kiffin and the university had the initial

burden of producing evidence to support their motion. *Id*. If they had submitted their text messages, e-mails, and letters with their initial motion, Rollins would have submitted more robust responsive evidence showing a genuine issue of material fact exists. Rollins did not have the burden of producing his evidence until Kiffin and the university produced their evidence. *Celotext Corp. v. Catrett*, 477 U. S. at 324. Rollins would have submitted a fuller and more complete record of text messages and e-mails supporting the facts that Kiffin and the university kicked him off the team and did not invite or allow him to participate in team activities since then. The fuller e-mail and text message record show that the university kept Rollins from participating in team events until he was released by his mental health provider; he kept in contact with the coaching staff until the university stopped him from further contact; and Kiffin kicked him off the team. Rollins did not submit the fuller record earlier because he was responding specifically to the defendants' university website evidence. The defendants did not submit their limited text messages, e-mails, and correspondence evidence in support of their motion to dismiss and memorandum, but they did in rebuttal. Rollins requests the Court to "give him an opportunity to properly support or address" the facts that: (1) the university kept him from participating in team events until he was released by his mental health provider; (2) he kept in contact with the coaching staff until the university stopped him from further contact; and (3) Kiffin kicked him off the team. See Fed. R. Civ. P. 56(e)(1). "The 2010 Advisory Committee Note to Rule 56(e) states that 'afford[ing] an opportunity to properly support or address [a] fact' is 'in many circumstances...the court's preferred first step.'" *Grimes v. District of Columbia*, 794 F.3d 83, 92 (D. C. Cir. 2015). Therefore, Rollins requests the Court to give him an opportunity to properly support and address the disputed facts by supplementing the record with the text messages and e-mails attached to his motion for leave to supplement the summary judgment record.

Kiffin and the university will not be prejudiced by the Court allowing Rollins to supplement the summary judgment record with the fuller text messages and e-mails because they already have copies of the documents and, in fact, generated most of the documents. A party is not prejudiced by the production or supplementation of documents the party already has. See *Reinsdorf. v. Skechers U. S. A., Inc.*, 296 F. R. D. 604, 631 (C. D. Cal. 2013).

## CONCLUSION

On the basis of the foregoing facts and authorities, the plaintiff requests the Court to give him an opportunity to properly support and address the disputed facts by supplementing the record with the text messages and e-mails attached to his motion for leave to supplement the summary judgment record.

This the 8TH day of December, 2023.

Respectfully submitted,
DeSANTO ROLLINS,
PLAINTIFF

*/s/ Carroll Rhodes*
CARROLL RHODES, ESQ. - MSB # 5314
LAW OFFICES OF CARROLL RHODES
POST OFFICE BOX 588
HAZLEHURST, MISSISSIPPI 39083
TELEPHONE: (601) 894-4323
FACSIMILE: (601)894-1464
E-MAIL: crhode@bellsouth.net

4

## CERTIFICATE OF SERVICE

       I, Carroll Rhodes, the attorney for the plaintiff, hereby certify that I have this day, pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, electronically filed, using the Court's ECF system, the above and foregoing pleading, and the Clerk of this Court electronically notified the following:

J. Cal Mayo, Jr., Esq.
Paul B. Watkins, Jr., Esq.
MAYO MALETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Email: cmayo@mayomallette.com
       pwatkins@mayomallette.com
Attorneys for Lane Kiffin, in his official
capacity as the Head Football Coach for
the University of Mississippi, and the
University of Mississippi

Walter G. Watkins, Jr., Esq.
Courtney C. Hunt, Esq.
FORMAN WATKINS & KRUTZ, PLLC
210 E. Capitol Street, Suite 2200
Jackson, Mississippi 39201
Email: wg.watkins@formanwatkins.com
       courtney.hunt@formanwatkins.com
Attorneys for Lane Kiffin, in his individual
capacity

This the 8th day of December, 2023.

                    */s/ Carroll Rhodes*
                    CARROLL RHODES